# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christie Conley,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-660**    (JCN: 2024006657)
(ICA No. 24-ICA-424)

**Logan County Board of Education,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christie Conley appeals the August 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Conley v. Logan Cnty. Bd. of Educ.*, No. 24-ICA-424, 2025 WL 2240314 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Respondent Logan County Board of Education filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 8, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's November 9, 2023, order rejecting the claim based on the finding that the claimant did not sustain an injury in the course of and resulting from employment. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant asserts that she injured herself while leading kindergarteners in dancing.[2] The claimant felt a sharp pain in her left hip, which was later determined to be related to her lower back. The claimant argues that the only evidence against her version of events is a report by Randall L. Short, D.O., based on Dr. Short's viewing of a video recording of the incident supplied to him by the employer. While the video recording was not submitted into the record, Dr. Short admitted that it showed that the claimant grabbed her left hip while dancing. Therefore, the claimant argues that this Court should reverse the ICA and hold the claim compensable for both the left hip and lower back. The employer counters by arguing that, while the claimant may have felt a sudden onset of left hip pain when she was present at work on October 6, 2023, the evidence does not establish that this pain resulted from the claimant's employment. Furthermore, the employer argues that pain is a symptom instead of a diagnosis that can be included in a workers' compensation claim. Left hip pain was the only "diagnosis" listed on the employees' and

---

[1] The claimant appears by counsel Edwin H. Pancake, and the employer appears by counsel Steven K. Wellman and James W. Heslep.

[2] The claimant is a physical education teacher.

1

physicians' report of injury with the diagnoses involving the lower back not being made until two weeks later. Medical personnel at Logan Regional Medical Center, who treated the claimant on October 6, 2023, did not indicate on the physicians' portion of the injury report that the claimant suffered an occupational injury. Therefore, the employer argues that the Board of Review, the trier of fact,[3] did not err in affirming the claim administrator's rejection of the claim.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).